1   Michael P. Mallery, #116345
    Celene M.E. Boggs, #172577
2   STAMMER, McKNIGHT, BARNUM & BAILEY
    2540 W. Shaw Lane, Suite 110
3   Fresno, California 93711
    (559) 449-0571
4   Facsimile: (559) 432-2619

5   Attorneys For: Defendant
6   FRESNO COMMUNITY HOSPITAL AND MEDICAL CENTER

7

`FILED`

2005 OCT 25 ⊃ 3: 31

C FRK. US DIST. COURT
E⌐. ⁀⁀ ' CALIF

8                          UNITED STATES DISTRICT COURT

9                          EASTERN DISTRICT OF CALIFORNIA

10

11  CHRISTINA ROMAR, a minor suing through, )   Case No.: CIV-F-03-6668 REC SMS
    her mother and legal representative, CORA  )   ⊆ʍ⎏
12  ROMAR,                                     )   ━━━━━ORDER GRANTING IN
                                               )   PART AND DENYING IN PART
13                                             )   PLAINTIFF'S MOTION TO COMPEL
              Plaintiff,                        )   DISCLOSURE OF CONFIDENTIAL
14                                             )   PATIENT RECORDS
                                               )
15            vs.                              )
                                               )
16                                             )   DATE:        July 14, 2005
                                               )   TIME:        10:00 a.m.
17  FRESNO COMMUNITY HOSPITAL AND              )   CTRM:        5
    MEDICAL CENTER; DR. THOMAS                 )   The Hon. Sandra M. Snyder
18  MANSFIELD,                                 )
                                               )   TRIAL DATE: September 19, 2006
19            Defendants.                       )
                                               )
20  _____)

21
        On July 14, 2005, before the Honorable Magistrate Judge Sandra M. Snyder in
22
    Courtroom 5 of the United States District Court for the Eastern District of California, Plaintiff's
23
    Motion to Compel Disclosure of Confidential Patient Records was heard. All parties appeared
24
    through counsel. After lengthy discussion between the parties and the Magistrate off the record
25
    and review and consideration of all of the pleadings submitted by counsel:
26
        IT IS FOUND, that:
27
            1)   Plaintiff is seeking third-party emergency visit records from 2002;
28

                                                                                            1
    Romar v. Fresno Community Hospital; Case # CIV-F-03-6668 REC SMS              50-4907
    [PROPOSED] ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MTN TO COMPEL DISCLOSURE OF
    CONFIDENTIAL PATIENT RECORDS

1    2)    Community Medical Centers – Fresno's emergency department had almost

2    59,000 patient visits in 2002, including Plaintiff CHRISTINA ROMAR;

3    3)    At the time of her emergency visits in December 2002, CHRISTINA

4    ROMAR was in the toddler stage of development (ages 2 to 5 years);

5    4)    HIPAA requires protection of third-party medical records, removal of

6    specific identifying information before production of third-party records, and a court order for

7    production of third-party records in cases such as the above-entitled action;

8    5)    EMTALA's standard regarding disparate treatment focuses upon

9    "similarly symptomed" patients;

10    6)    None of the facts justify production of sensitive third-party information

11    that may be contained in the emergency visit records;

12    7)    In anticipation of Plaintiff's motion and this order, Defendant FRESNO

13    COMMUNITY HOSPITAL AND MEDICAL CENTER (hereinafter "the hospital") has already

14    performed extensive work identifying, pulling, reviewing, redacting, and copying potentially

15    relevant, third-party patient, emergency visit records for patients aged 22 months-old to one

16    month after their sixth birthdays at the time of their visits between December 1, 2001 to

17    December 31, 2002; and

18    8)    The privacy concerns of patients who visited Community Medical Centers

19    – Fresno's emergency department, the burden to the hospital of producing redacted third-party

20    patient emergency visit records, and the need for Plaintiff to have information from which to

21    attempt to establish her EMTALA disparate treatment cause of action must be balanced.

22    THEREFORE, IT IS ORDERED, that:

23    1)    There is good cause for a limited production of third-party patient,

24    emergency visit records in this action;

25    2)    For comparison to CHRISTINA ROMAR's treatment, only patients at the

26    toddler stage of development (ages 2 to 5 years) are relevant and thus, only the emergency visit

27    records for third-party patients in the toddler stage of development are to be produced, but to ensure

28    no relevant patient is missed and for the purpose of this order only, toddlers are to be considered

---

Romar v. Fresno Community Hospital; Case # CIV-F-03-6668 REC SMS                    50-4907
[PROPOSED] ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MTN TO COMPEL DISCLOSURE OF
CONFIDENTIAL PATIENT RECORDS

2

1   all patients aged 22 months-old to one month after their sixth birthdays at the time of the
2   emergency visit;

3          3)     As the hospital has already spent hundreds of man-hours and thousands of
4   dollars to identify potentially relevant emergency visits, the production of third-party patient
5   records under this order will be limited to the emergency visit records that the hospital has
6   already identified in anticipation of this order;

7          4)     Of the records already identified in anticipation of this order, the hospital
8   shall remove identifying information as required by and set out in Section 164.514 of Title 45 of
9   the Code of Federal Regulations; however, for ease of redaction, the hospital may redact large
10  blocks in which the information falls, including the admission/emergency registration sheet, the
11  address-o-graph stamps, and medical record stickers;

12         5)     Of the records already identified in anticipation of this order, the hospital
13  shall also redact all sensitive information contained in the third-party records that is not relevant
14  to this action, including, but not limited to, psychiatric conditions of the patient or others,
15  contacts with or facts leading to contact with Child Protective Services, confidential foster care
16  arrangements, and other legal situations unrelated to the third-party patient's medical care and
17  treatment; and

18         6)     As to the emergency visit records not included above, Plaintiff's motion to
19  compel is denied without prejudice. If after review of the records ordered to be produced herein
20  should Plaintiff's experts in the field of emergency medicine believe that additional third-party,
21  toddler patient records are needed, Plaintiff shall prepare a new noticed motion supported by a
22  declaration from her experts regarding what specific records in addition to the records previously
23  produced are necessary to his/her analysis of this action and why they are necessary. Further, all
24  parties will be required to brief the issues of the meaning of "similarly symptomed" under an
25  EMTALA disparate screening analysis and who should bear any additional production costs.

26  DATED:  _10/24_, 2005

                                               _____
27
                                               Magistrate Judge Sandra M. Snyder
28

Romar v. Fresno Community Hospital; Case # CIV-F-03-6668 REC SMS                    50-4907
[PROPOSED] ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MTN TO COMPEL DISCLOSURE OF
CONFIDENTIAL PATIENT RECORDS