1

2

3

4

5

6

7

8

# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

9    CHRISTINA ROMAR, a minor                      CASE NO. 1:03-cv-06668-AWI-SMS
     suing through her mother and legal
10   representative, CORA ROMAR,                    FINDINGS AND RECOMMENDATIONS
                                                    RECOMMENDING APPROVAL OF THE
11                     Plaintiff,                   PROPOSED SPECIAL NEEDS TRUST
                                                    SUBJECT TO CERTAIN AMENDMENTS
12        v.                                        AND ADDITIONS, INCLUDING CONTINUED
                                                    COURT SUPERVISION UNDER THE
13   FRESNO COMMUNITY HOSPITAL                      CALIFORNIA PROBATE CODE
     AND MEDICAL CENTER;
14   DR. THOMAS MANSFIELD,

15                     Defendants.                  (Doc. 195)
                                          /
16

17        Minor Plaintiff Christina Romar, by her mother and legal representative Cora Romar, has

18   moved for an order approving the creation and funding of a special needs trust for the settlement

19   proceeds in this case.  This matter has been referred to the magistrate judge pursuant to 28 U.S.C.

20   § 636(b) and Local Rules 72-302 and 72-304.   Following its review of the extensive briefing and

21   argument regarding the form and implementation of Plaintiff's special needs trust, this Court

22   recommends approval of the trust form conditioned on certain amendments including a provision

23   for continued court supervision under the California Probate Code.

24   **I.    Factual and Procedural Background**

25        On November 24, 2003, Plaintiff filed a complaint seeking damages under the Emergency

26   Medical Center and Active Labor Act, 42 U.S.C. § 1395dd *et seq.* ("EMTALA").  Plaintiff

27   alleged that, on three occasions when Christina was seen in the emergency room for a virulent

28   infection,  Defendants Fresno Community Hospital and Medical Center, and Dr. Thomas

1

1  Mansfield failed to provide an appropriate screening examination and stabilizing emergency

2  medical treatment comparable to that provided to similarly situated patients, resulting in

3  Christina's experiencing a serious systemic infection and significant respiratory and

4  cardiorespiratory complications.  Christina was left with chronic infections and other resulting

5  chronic diseases, and is permanently disabled.

6       For the most part, details of the intervening procedural history are not relevant to this

7  motion.  On March 21, 2007, the Court granted summary judgment in favor of Dr. Mansfield

8  (Doc. 136).  On December 4, 2008, Plaintiff and Defendant Fresno Community Hospital agreed

9  to a settlement (Doc. 178).

10       Plaintiff proposes to deposit the settlement funds to which Christina is entitled into a

11  special needs trust (Doc. 183-2).  On March 11, 2010, Plaintiff filed a petition for an order

12  approving the creation and funding of a special needs trust (Doc. 195).  This Court heard the

13  motion on April 2, 2010: Kevin G. Little appeared on behalf of Plaintiff, and Jacqueline Yates,

14  Stammer, McKnight, Barnum & Bailey, LLP, appeared on behalf of Defendant Fresno

15  Community Hospital and Medical Center.  The Court twice requested supplemental briefing,

16  which the parties provided along with an amended form of the trust dated May __, 2010 [*sic*]

17  (Docs. 197-204).

18  **II.**     **Compliance With Court Rule 7.903(c)**

19       The principal matter of concern at the April 2, 2010 motion hearing was the trust's

20  omission of certain of the so-called "override provisions" set forth in California Rule of Court

21  7.903(c).  In pertinent part, the rule provides as follows:

22         Except as provided in (d) [governing only trusts with total assets of less
       than $20,000], unless the court otherwise orders for good cause shown,

23         trust instruments for trusts funded by court order must:

24                               \* \* \* \* \*

25         (4)    Prohibit investments by the trustee other than those permitted
             under Probate Code section 2574;

26

27         (5)    Require persons identified in (3) [trustee or other person with
             authority to direct trustee to make disbursements] to post bond in
             the amount required under Probate Code section 2320 et

28               seq.[setting forth calculation];

(6)    Require the trustee to file accounts and reports for court approval in the manner and frequency required by Probate Code sections 1060 et seq. and 2620 et seq. [chapters governing format and contents of accounting and reports];

(7)    Require court approval of any changes in trustee and a court order appointing any successor trustee;

(8)    Require compensation of the trustee, the members of any advisory committee, or the attorney for the trustee, to be in just and reasonable amounts that must be fixed and allowed by the court. The instrument may provide for periodic payments of compensation on account, subject to the requirements of Probate Code section 2643 and rule 7.755.

Although Plaintiff's subsequent amendment of the trust addresses certain of these concerns, the Court remains concerned about the implementation of the trust for Christina's benefit and the satisfaction of all of the override provisions.

**A.    California Rule of Court 7.903(c)(4)**

The Christina Romar Beneficiary Trust Agreement Dated February 24, 2010, did not explicitly refer to Section 2574 but included investment provisions so broad as to allow highly speculative investments without requiring even the downside protections of diversification. *See* ¶ IV E.  The May 2010 amendment added ¶ IV N, which, in part, explicitly subjected the Trustee to Section 2574's investment limitations.

This Court finds the first sentence of ¶ IV N sufficient to satisfy Rule 7.903(c)(4). Nonetheless, separating the condition expressed in ¶ IV N from the broad investment provision set forth in ¶ IV E increases the possibility that a trustee could overlook the protective restrictions, exposing the trust corpus to impermissible risk.  Accordingly, this Court recommends that approval of the trust form be conditioned on the incorporation into ¶ IV E of the language from ¶ IV N: "Notwithstanding any of the specifically enumerated powers above, in managing the trust, the Trustee shall be subject to the investment limitations of California Probate Code § 2574."

**B.    California Rule of Court 7.903(c)(5)**

Although Rule 7.903(c)(5) requires a trustee to post bond in the amount required under Probate Code section 2320 *et seq*., the trust proposed in February required neither the trustee nor

1  any successor trustee to provide a bond or security of any kind.  Plaintiff maintained that the

2  excessive expense of a bonding requirement would rapidly deplete the trust corpus.  Because

3  California Probate Code § 15602 (e) provides that "[a] trust company may not be required to give

4  a bond, notwithstanding a contrary provision in a trust instrument," this Court finds that ¶ IV I, as

5  amended in the May 2010 proposed trust to require reconsideration of the bonding requirement

6  in the event of the replacement of another person or entity as trustee in lieu of the Good Shepherd

7  Fund, adequately addresses this subsection of Rule 7.903(c)(5).

8         **C.      California Rule of Court 7.903(c)(6)**

9         Rule 7.903(c)(6) requires the trustee to file accounts and reports for court approval in the

10  manner and frequency required by Probate Code sections 1060 *et seq*. and 2620 *et seq*.  As

11  proposed in February 2010, the trust included no requirement for financial reports.  By adding ¶

12  IV N, in part, the May 2010 revised trust requires the provision of financial disclosures and tax

13  returns to "the Trustor," Cora Romar.

14         As Plaintiff emphasizes in her responsive brief, Cora Romar has acted with singular love

15  and responsibility in caring for, and defending the rights of, Christina and her other children.

16  Nonetheless, this Court shares the concern, voiced by defense counsel, that in view of Cora

17  Romar's limited experience with sophisticated financial transactions, Christina's best interest is

18  not served by her mother's being the sole responsible party for monitoring the trust company's

19  investment and management of Christina's settlement funds.   This Court is also reluctant to

20  place Cora Romar, who has limited financial resources, in the position of having to expend her

21  personal funds to secure the services of tax or accounting professionals to assist her in overseeing

22  Christina's trust.  Accordingly, this Court recommends continued court supervision under the

23  probate code and the addition of a requirement that financial reports generated in the ordinary

24  course of the trust company's business and well as the trust tax returns and K-1 statements also

25  be provided annually to the California Superior Court.

26         To effectuate this recommendation, the Court recommends approval of the May 2010

27  amended trust subject to further amendment of ¶ IV N to read: "To ensure compliance with

28  relevant provisions of law, the Trustee shall provide for court approval accounts and reports in

1  the manner and frequency required by Probate Code §§ 1060 *et seq.* and 2620 *et seq.*   The

2  trustee shall provide copies of any financial disclosures made in the ordinary course of its

3  business, including but not limited to the annual audit of the Good Shepherd Fund, and copies of

4  all trust tax returns, including any pertinent forms K-l, to both the Trustor and the California

5  State Superior Court, either of which may initiate appropriate legal action to secure a formal

6  accounting."

7          **D.      California Rule of Court 7.903(c)(7)**

8          Rule 7.903(c)(6) requires court approval of any changes in trustee and a court order

9  appointing any successor trustee.  Paragraph III (b) and Article VI of the May 2010 amended trust

10  satisfy this requirement.

11          **E.      California Rule of Court 7.903(c)(8)**

12          Rule 7.903(c)(8) requires compensation of the trustee, the members of any advisory

13  committee, or the attorney for the trustee, to be in just and reasonable amounts that must be fixed

14  and allowed by the court.  The May 2010 amended trust provides, at ¶ IV H, for compensation as

15  set forth in the fee schedule for the Good Shepherd Trust, which is to be attached as Exhibit A to

16  the trust.  The Court recommends that this compensation provision be found satisfactory, subject

17  to the actual attachment of the fee schedule to the trust as Exhibit A.

18  **III.    Continued Court Supervision**

19          California Court Rule 7.903 requires continuing court jurisdiction for a special needs

20  trusts and authorizes the Court to order continued court supervision under the probate code.  The

21  California Superior Court has exclusive jurisdiction of all proceedings concerning the internal

22  affairs of trusts.  California Probate Code § 17000.  As previous discussed, Christina's best

23  interest will be served by continued court supervision.  Accordingly, this Court recommends that

24  Plaintiff be ordered to petition the California Superior Court, Fresno County, to accept the

25  transfer of jurisdiction and to provide for continuing supervision under the probate code of The

26  Christina Romar Beneficiary Trust Agreement.  The District Court should retain jurisdiction until

27  Plaintiff provides documentation that the California Superior Court has accepted jurisdiction and

28  supervision of the trust.

1

**IV.    Recommendation and Conclusion**

2    This Court finds the May 2010 amendment of the proposed special needs trust for

3  Plaintiff Christina Romar to be acceptable subject to the further amendment and additions

4  detailed in these findings and recommendations.  In addition, because of Cora Romar's limited

5  experience with sophisticated investments and similar financial matters, this Court recommends

6  that Plaintiff be ordered to petition the California Superior Court for continued supervision of

7  Plaintiff's special needs trust under the California Probate Code.

8    These findings and recommendations are submitted to the Honorable Anthony W. Ishii,

9  United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and

10  Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District

11  of California.  Within thirty (30) days after being served with a copy, any party may file written

12  objections with the Court.  Such a document should be captioned "Objections to Magistrate

13  Judge's Findings and Recommendations."  The Court will then review the Magistrate Judge's

14  ruling pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to file objections

15  within the specified time may waive their right to appeal the District Court's order.  *Martinez v.*

16  *Ylst*, 951 F.2d 1153 (9th Cir. 1991).

17

18

19

20  IT IS SO ORDERED.

21  **Dated:    June 10, 2010**                    **/s/ Sandra M. Snyder**
                                            UNITED STATES MAGISTRATE JUDGE

22

23

24

25

26

27

28