# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTINA ROMAR, a minor suing through her mother and legal representative, CORA ROMAR,<br><br>Plaintiff,<br><br>v.<br><br>FRESNO COMMUNITY HOSPITAL AND MEDICAL CENTER; DR. THOMAS MANSFIELD,<br><br>Defendants. | CASE NO. 1:03-cv-06668-AWI-SMS<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS RECOMMENDING APPROVAL OF THE PROPOSED SPECIAL NEEDS TRUST SUBJECT TO CERTAIN AMENDMENTS AND ADDITIONS, INCLUDING CONTINUED COURT SUPERVISION UNDER THE CALIFORNIA PROBATE CODE<br><br>(Doc. 206) |

Minor Plaintiff Christina Romar, by her mother and legal representative Cora Romar, moved for an order approving the creation and funding of a special needs trust for the settlement proceeds in this case. This matter was referred to United States Magistrate Judge Sandra M. Snyder pursuant to 28 U.S.C. § 636(b) and Local Rules 72-302 and 72-304.

Following Judge Snyder's review of the extensive briefing and argument regarding the form and implementation of Plaintiff's special needs trust, she recommended approval of the trust form conditioned on certain amendments, including a provision for continued court supervision under the California Probate Code. The Findings and Recommendations contained notice that any objections to the Findings and Recommendations were to be filed within thirty days. Plaintiff filed a notice of no objections on June 15, 2010 (Doc. 207), and Defendant filed a statement of non-opposition on June 16, 2010 (Doc. 208). In addition, Plaintiff filed a revised

///

1

version of The Christina Romar Beneficiary Trust Agreement, dated June __, [*sic*] 2010, which incorporated the additional changes recommended in the Findings and Recommendations.

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(C), the undersigned has reviewed this case *de novo* and has considered the magistrate judge's findings and recommendations and both parties' responsive submissions.  Having carefully reviewed the entire file, the Court finds the Findings and Recommendations to be supported by the record and proper legal analysis.  The Court further notes additional provisions suggested in a proposed order submitted by Plaintiff on June 8, 2010 (Doc. 205).

Accordingly, the Court hereby ORDERS:

1. The Findings and Recommendations, filed June 10, 2010, are adopted in full.
2. The Christina Romar Beneficiary Trust Agreement, dated June __, [*sic*] 2010 (Doc. 207-2), is approved, subject to its dating and signing, and the attachment to it as Exhibit A of the fee schedule of The Good Shepherd Trust.
3. The net settlement proceeds of $127,142.55 (*see* Docs. 188 & 189) shall be applied for Plaintiff's benefit as follows:
    a. The sum of $50,000 shall be applied to the purchase of a single premium fixed annuity from the New York Life Insurance and Annuity Corporation. The annuity shall be free of surrender charges after seven (7) years, and shall also allow for up to fifteen (15) percent accumulated interest and principal withdrawals at no cost within each of the first seven years, so as to provide increased financial flexibility in the event of an unforeseen special need.  The Good Shepherd Fund, as trustee of the Christina Romar Beneficiary Trust, shall manage, distribute and dispose of these annuity funds as part of the trust.
    b. The sum of $12,500 shall be paid to Plaintiff's mother and legal representative, Cora Romar, for the purchase and maintenance of a vehicle to be used to transport Plaintiff to medical appointments, therapy appointments, dental appointments, optometric appointments, classes, etc.

                Cora Romar shall be the vehicle's sole owner and shall have sole liability and legal responsibility for it, including motor vehicle registration, maintenance of insurance coverage, and satisfaction of all legal requirements appurtenant to motor vehicle ownership.

      c.     The balance of $64,642.55 shall be deposited directly into the Christina Romar Beneficiary Trust.

4.     No additional legal fees shall be authorized for payment from Plaintiff's net settlement, either to Plaintiff's counsel or to Defendant's counsel, for any work whatsoever done in preparation of the Christina Romar Beneficiary Trust.

5.     Upon funding of the settlement as set forth in the settlement agreement and as required by the orders of this Court, Defendant Fresno Community Hospital and Medical Center shall be fully relieved of any further responsibility in this matter.

6.     Within thirty days of this order, Plaintiff shall petition the California Superior Court, Fresno County, to accept transfer of jurisdiction and to provide continuing supervision under the California Probate Code of the Christina Romar Beneficiary Trust Agreement.

7.     This Court shall retain jurisdiction until Plaintiff files documentation that the California Superior Court has accepted jurisdiction and supervision of the trust.

IT IS SO ORDERED.

Dated:   June 17, 2010

CHIEF UNITED STATES DISTRICT JUDGE